**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILLIP DIGGS<br>16 Township Line Road, Apt. C-1<br>Elkins Park, PA 19027 | :<br>:<br>:   CIVIL ACTION<br>: |
|    Plaintiff, | :   No.:<br>: |
|   v. | :   **JURY TRIAL DEMANDED**<br>: |
| MARYLAND AND VIRGINIA MILK<br>PRODUCERS COOPERATIVE ASSOCIATION<br>d/b/a MAOLA or MAOLA PHILADELPHIA<br>10975 Dutton Road<br>Philadelphia, PA 19154 | :<br>:<br>:<br>:<br>: |
|   and | :<br>: |
| MARYLAND AND VIRGINIA MILK<br>PRODUCERS COOPERATIVE ASSOCIATION,<br>INC. d/b/a MAOLA LOCAL DAIRIES<br>13861 Sunrise Valley Drive, Ste. 220<br>Herndon, VA 20171 | :<br>:<br>:<br>:<br>: |
|    Defendants. | :<br>: |

**CIVIL ACTION COMPLAINT**

Phillip Diggs ("Plaintiff" or "Mr. Diggs"), by and through his undersigned counsel, hereby

avers as follows:

**INTRODUCTION**

1. Mr. Diggs has initiated this action to redress violations by Maryland and Virginia

Milk Producers Cooperative Association d/b/a Maola or Maola Philadelphia ("Defendant Maola

Philadelphia") and Maryland and Virginia Milk Producers Cooperative Association, Inc. d/b/a

Maola Local Dairies ("Defendant Maola Local Dairies") (collectively "Defendants") of the

Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.), the Family

and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.), Pennsylvania Common Law, the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]

2.　Mr. Diggs alleges, *inter alia*, that Defendants discriminated against him on the basis of his disabilities; retaliated against him for both requesting/requiring reasonable accommodations (in the form of medical leave also protected under the FMLA), and for initiating a workers' compensation claim; and unlawfully terminated his employment.

3.　As a direct consequence of Defendants' unlawful actions, Mr. Diggs seeks damages as set forth herein.

## JURISDICTION AND VENUE

4.　This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5.　This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

---

[1] Plaintiff intends to amend his instant Complaint to include claims arising under the PHRA and PFPO on or about November 17, 2026, once his administrative remedies as to those claims are fully exhausted. Plaintiff's claims arising under the PHRA and PFPO will mirror the instant ADA claims.

6. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

7. Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Mr. Diggs is an adult individual, with an address as set forth in the caption.

10. Defendant Maola Philadelphia is a farmer-owned dairy co-op producing milk and dairy products in Pennsylvania with a principal place of business as set forth in the caption.

11. Defendant Maola Local Dairies is a corporation which produces a wide variety of dairy products throughout the United States, including Pennsylvania, with a corporate address set forth in the caption.

12. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

13.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

14.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.     On or about June 10, 2024, Defendants hired Mr. Diggs as a Training Relief Pasteurizer out of their Philadelphia, PA location.

16.     At all relevant times, Mr. Diggs was supervised by Supervisor, Keeon Burke ("Burke"), Supervisor, Matthew McQuoid ("McQuoid"), Production Assistant, David Dilks ("Dilks"), Assistant Plant Manager, David Hewes ("Hewes"), and Human Resources ("HR") Manager, Monica Speck ("Speck").

17.     Unfortunately, Mr. Diggs suffers from significant disabilities and serious medical conditions, including anxiety, depression, and panic disorder, which at times, limits his ability to work, concentrate, and effectively communicate, among other daily life activities.

18.     In or about August 2024, Mr. Diggs suffered a workplace accident resulting in a significant medical condition to his left ankle.

19.     Mr. Diggs reported the accident to McQuoid and filed a workers' compensation claim.

20.     Subsequently, and as a result of his disability, Mr. Diggs (at times) needed to request reasonable accommodations in the form of medical leave (in order to attend necessary therapy sessions for treatment) or light duty.

4

21.     Rather than properly accommodate Mr. Diggs or engage in the interactive process as mandated by the ADA, Defendants instead treated Mr. Diggs with hostility in a manner they never did prior to his filing for workers' compensation and disclosing his disability.

22.     By way of example, but not intended to be an exhaustive list, Defendants spoke to Mr. Diggs in a rude and hostile manner, questioned the legitimacy of his disability and treatment, publicly chastised him for missing work, and repeatedly issued him attendance points for absences/early departures related to his disability and treatment for same on January 22, 2025, January 24, 2025, and February 1, 2025.

23.     Notably, Hewes visibly displayed her frustration with Mr. Diggs needing time away from work that she regularly cursed and yelled at him in front of other workers at Defendants.

24.     Mr. Diggs never saw Hewes yell or curse at any non-disabled employee the way he did to him.

25.     Defendants' hostility against Mr. Diggs continued for months and escalated in or about May 2025, after Mr. Diggs suffered another workplace accident, this time injuring his left arm.

26.     As with the fist workplace accident, Mr. Diggs properly reported what happened to management and filed another workers' compensation claim.

27.     As a result of his arm disability, Mr. Diggs again requested to be accommodated with taking time away from work to receive medical treatment, but again was subject to hostility from Defendants' management.

28.     For instance, on or about June 3, 2025, Defendants issued Mr. Diggs an attendance point for attending a mandatory therapy appointment for his arm.

5

29.     Moreover, Defendants unilaterally moved Mr. Diggs to a less desirable shift which affected his ability to schedule subsequent medical treatment.

30.     Around the same time as Mr. Diggs was receiving treatment for his leg and arm disabilities, Mr. Diggs' mother's health began to dramatically deteriorate requiring Mr. Diggs to provide her with care and take her to necessary doctor appointments.

31.     In or about June 2025, Mr. Diggs met with Hewes and Speck, advised them of his mother's medical conditions, and requested the ability to take FMLA leave in order to care for her.

32.     On or about June 10, 2025, Mr. Diggs applied and was granted intermittent FMLA to care for his mother, which he utilized through the remainder of his employment with Defendants.

33.     Despite utilizing FMLA to care for his mother, and despite continuing to receive treatment for his leg and arm disabilities, Defendants continued to harass Mr. Diggs each time he had to miss work and continued to issue him attendance points for the same.

34.     In response and in or about September 2025, Mr. Diggs complained to Hewes and Speck that he was being discriminated against, treated unfairly for requesting accommodations and utilizing FMLA, and that the harassment was causing him to suffer flare ups related to his anxiety, depression, and panic disorder.

35.     On or about October 3, 2025, Mr. Diggs utilized intermittent FMLA to care for his mother.

36.     Only three days later, on October 6, 2025, Mr. Diggs was abruptly terminated.

37.     Hewes notified Mr. Diggs he was terminated because he "missed too much work," directly referencing Mr. Diggs' need to take time away from work to treat his own disabilities and take care of his mother, and for returning from his break only **one minute late**.

38. Defendants' alleged rationale for terminating Mr. Diggs is completely pretextual considering: (1) Defendants' management treated Mr. Diggs with animosity and hostility for months on an almost regular basis immediately after he filed his first workers' compensation claim; (2) Defendants' management's hostility only escalated after Mr. Diggs requested further reasonable accommodations; (3) Mr. Diggs was terminated while actively utilizing FMLA; (4) Defendants' management repeatedly issued attendance points to Mr. Diggs for absences directly related to either his treatment for disabilities or his mother's treatment; and (5) upon information and belief, many employees have been late by one minute and have not been issued corrective action, let alone terminated, in the fashion Mr. Diggs was terminated.

39. Therefore, Mr. Diggs believes and avers that he was subjected to a hostile work environment and terminated as a result of his: (1) disabilities; (2) requests for reasonable medical accommodations (including FMLA); (3) his mother's disabilities; (4) his workers' compensation claims; and (5) his complaints of discrimination, retaliation, and unfair treatment.

**COUNT I**
**Violations of the ADA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment; and [5] Associational Disability Discrimination)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff suffers from qualifying health conditions under the ADA, including conditions related to his left ankle, left arm, depression, anxiety, and panic disorder, which affected his ability (at times) to perform some daily life activities (as set forth *supra*).

42. Despite Plaintiff's aforementioned health conditions and limitations, he was still qualified and able to perform the duties of his job with Defendants.

7

43. Plaintiff disclosed his aforementioned disabilities/serious medical conditions and need for accommodations to Defendants' management and was subjected to discriminatory and disparate following his request to take time away from work for treatment and light duty.

44. Plaintiff opposed the discriminatory conduct and hostile work environment that he was subjected to on a regular basis because of his disabilities and requests for accommodations.

45. Plaintiff's mother suffered from qualifying health conditions under the ADA.

46. Plaintiff informed Defendants of his mother's health conditions and need for treatment and was subjected to discriminatory and disparate conduct following his request to care for his parents.

47. Plaintiff opposed the discriminatory conduct and hostile work environment that he was subjected to because of his mother's health conditions.

48. Instead of investigating Plaintiff's aforesaid complaints of discrimination, Defendants' management ignored them and continued to treat Plaintiff with hostility.

49. Shortly following his complaints of discrimination or utilizing reasonable accommodations, Plaintiff was abruptly terminated on or about October 6, 2025.

50. Plaintiff believes and therefore avers that his actual/perceived disabilities or record of impairment and Defendants' perception that he missed too much work to care for his mother were motivating/determinative factors in the termination of his employment with Defendants.

51. Plaintiff also avers that he was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations / complaining of discrimination) under the ADA.

52. Finally, Plaintiff avers that he was terminated as a direct result of Defendants' desire to no longer accommodate him in the future.

53. Defendants' actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the FMLA
### (Interference and Retaliation)

54.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.    Defendants were Plaintiff's employer(s), with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

56.    Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.

57.    Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

58.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(A).

59.    Plaintiff notified Defendants of his need for FMLA qualifying leave.

60.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

61.    Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting/exercising his FMLA rights and/or complaining about violations of her FMLA rights; (2) terminating Plaintiff to dissuade Plaintiff (or others) from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (5) terminating Plaintiff to prevent him from taking FMLA-qualifying leave in the future; (6) failing to designate leave as FMLA; and (7) taking actions towards him that would dissuade a reasonable person from exercising their rights under the FMLA.

9

62. These actions as aforesaid constitute violations of the FMLA.

**COUNT  III**
**Violations of Pennsylvania Common Law**
**(Workers' Compensation Retaliation)**

63. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64. Plaintiff engaged in protected activity, namely sustaining two workplace injuries and expressing his intent to pursue a workers' compensation claim for each workplace accident.

65. Defendants then terminated Plaintiff shortly thereafter and under demonstrably pretextual circumstances because he engaged in the aforementioned protected activity.

66. These actions as aforesaid constitute violations of Pennsylvania common law. *See e.g.*, *Shick v. Shirley*, 552 Pa. 590, 716 A.2d 1231, 1233 (Pa. 1998).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

10

C.       Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D.       Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.       Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.       Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: April 27, 2026

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Phillip Diggs | : | CIVIL ACTION |
| v. | : | |
| Maryland and Virginia Milk Producers Cooperative Association, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (x )

| 4/27/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

DIGGS, PHILLIP

**DEFENDANTS**

MARYLAND AND VIRGINIA MILK PRODUCERS COOPERATIVE ASSOCIATION D/B/A MAOLA OR MAOLA PHILADELPHIA, ET AL.

**(b)**  County of Residence of First Listed Plaintiff     Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - mployment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PA Common Law, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE   4/27/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____    AMOUNT  _____    APPLYING IFP  _____    JUDGE  _____    MAG. JUDGE  _____